No. 24-4362, No. 24-7124

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

IRINA SADOVSKY,

*Defendant-Appellant.*

_____

On Appeal from the United States District Court for the Central District of California, The Honorable Andre Birotte, Presiding. No. 18-cr-00375-AB-1

_____

**APPELLANT'S UNOPPOSED MOTION TO CONSOLIDATE APPEALS AND ESTABLISH A MODIFIED, COMMON BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, FOR MODIFIED BRIEFING SCHEDULES IN APPEAL NOS. 24-4362 AND 24-7124**

_____

COHEN WILLIAMS LLP
Alyssa D. Bell
Rachael A. Robinson
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

*Attorneys for* IRINA SADOVSKY

Pursuant to Rule 3(b)(2) of the Federal Rules of Appellate Procedure (FRAP) and Ninth Circuit Local Rule 27-1 *et seq.,* Defendant-Appellant Irina Sadovsky respectfully submits this unopposed motion to consolidate Appeal Nos. 24-4362 and 24-7124 (the "Appeals") and establish a modified, common briefing schedule for the consolidated Appeals.

## SUMMARY OF ARGUMENT

The Appeals involve the Judgment and Commitment Order and denial of a Rule 33 motion for new trial that the United States District Court for the Central District of California issued in the same action. The Appeals involve the same parties, the same trial, and overlapping factual and legal issues. Consolidation of the Appeals and alignment of the briefing schedules in the two appeals will preserve party and judicial resources and avoid the possibility of conflicting rulings.

## BACKGROUND

On June 20, 2018, Ms. Sadovsky was indicted on charges of conspiracy to commit healthcare fraud in violation of 18 U.S.C. §1349; healthcare fraud in violation of 18 U.S.C. § 1347; conspiracy to engage in the unlicensed wholesale distribution of prescription drugs in violation of 18 U.S.C. § 371; the unlicensed wholesale distribution of prescription drugs in violation of 21 U.S.C. §§ 331(t), 333(b)(1)(D), and 353(e)(1)(A); conspiracy to pay and receive kickbacks in

violation of 18 U.S.C. § 371, and paying kickbacks in violation of 42 U.S.C. § 1320a-7b(b)(2)(A). (Dkt. No. 1.)

On October 3, 2022, Ms. Sadovsky proceeded to trial, and on October 14, 2022, the jury convicted Ms. Sadovsky on one count of conspiracy to commit healthcare fraud in violation of 18 U.S.C. §1349 and one count of conspiracy to engage in the unlicensed wholesale distribution of prescription drugs in violation of 18 U.S.C. § 371. (Dkt. No. 832.) On July 8, 2024, the district court imposed judgment and sentenced her to 27 months of imprisonment. (*Id.*)

On July 15, 2024, Ms. Sadovsky's trial counsel, Ms. Vicki Podberesky, timely filed a notice of appeal as to Ms. Sadovsky's convictions and sentence. (Dkt. No. 830.) On August 21, 2024, Ms. Sadovsky's counsel on appeal filed a Rule 33 motion for new trial in the district court based on a newly discovered *Brady* violation. (Dkt. No. 868.) On November 15, 2024, the district court denied the motion for new trial. (Dkt. No. 911.) On November 22, 2024, counsel filed a notice of appeal as to the denial of the motion for new trial. (Dkt. No. 918.)

## ARGUMENT

### A. The Appeal Should be Consolidated

The Federal Rules of Appellate Procedure "encourage consolidation of appeals whenever feasible." FRAP 3 Advisory Committee's Notes, Subdivision (b). Consolidation of cases is heavily favored when it serves the interest of judicial

2

economy. *Spigen Korea Co., Ltd. v. Ultraproof, Inc.*, 2017 WL 5508664 *2 (C.D.Cal. October 20, 2017). Therefore, this Court has consolidated appeals arising out a common origin and/or sharing similar issues, facts and/or parties. *See, e.g.*, *McConnell v. General Telephone Co. of California*, 814 F.2d 1311, 1312 (9th Cir. 1987) ("related nature of the facts and the parties"), *cert. denied*, 484 U.S. 1059 (1988); *In re Burns*, 102 B.R. 750, 751 n.1 (9th Cir. BAP 1989) ("same issue"); *In re Stout*, 649 Fed.Appx. 621, 622 (9th Cir. 2016) ("same set of facts"); *Nichols v. U.S.*, 633 F.2d 829, 830 (9th Cir. 1980) ("same issues"); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1303 (9th Cir. 1982) ("same facts"); *People of State of Cal. v. Mesa*, 813 F.2d 960, 961 (9th Cir. 1987) ("same legal issues"); *California Alliance of Child and Family Services v. Wagner*, 425 Fed.Appx. 660, 661 (9th Cir. 2011) ("same parties and legal issues"); *Holbrook v. Petrol Corp.*, 111 F.2d 967 (9th Cir. 1940) (presenting "similar questions and involv[ing] the same parties").

Here, the Appeals involve the same parties, the same trial, and overlapping factual and legal issues. Consolidation of the Appeals and alignment of the briefing schedules in the two appeals will preserve party and judicial resources and avoid the possibility of conflicting rulings.

**B. There Should Be A Modified Briefing Schedule Regardless of Whether the Appeals are Consolidated**

Given the identical factual and overlapping legal issues in the Appeals, it would be efficient to establish a common schedule for the briefs to be filed in the two cases. Many of the issues will require substantially identical briefing and will rely on the overlapping analysis of each other.

Accordingly, if the Appeals are consolidated, Ms. Sadovsky respectfully requests permission to file one common opening brief for *both* Appeals addressing the propriety of conviction and sentence, as well as the propriety of the district court's November 15, 2024 denial of the motion for new trial with a due date of February 14, 2025, *i.e.*, the deadline to file Appellant's opening brief in Appeal No. 24-7124. Ms. Sadovsky also asks that, upon consolidation, the Court order that a single Appellee's answering brief for both appeals be due on March 17, 2025, and a single Appellant's reply brief for both appeals be due within 21 days of the service of the Appellee's answering brief pursuant to FRAP 31 and 9th Cir. R. 31-2.1.

However, if the Court denies this motion for consolidation, Ms. Sadovsky respectfully requests that the deadline to file Appellant's opening brief in Appeal No. 24-4362 nevertheless be extended from January 6, 2025 to February 14, 2025 (*i.e.*, the same deadline to file the opening brief in Appeal No. 24-7124), with the

deadline for Appellee's two answering briefs in the two appeals extended to March 17, 2025, and Appellant's reply briefs due within 21 days of the service of Appellee's answering briefs pursuant to FRAP 31 and 9th Cir. R. 31-2.1.

It would be premature and prejudicial for Ms. Sadovsky to file her opening brief in Appeal No. 24-4362 months before her opening brief in Appeal No. 24-7124, when her arguments in the first appeal could be affected by subsequent work on her opening brief and development of the record in the second appeal. As noted, there is an overlapping factual record and interconnected legal issues.

Counsel has conferred with Jeremy Sanders, counsel for Plaintiff-Appellee, concerning this motion. Mr. Sanders does not oppose the relief sought herein.

Dated: November 25, 2024          **COHEN WILLIAMS LLP**

By: ____*/s/ Rachael A. Robinson*____
Alyssa D. Bell
Rachael A. Robinson

Attorneys for Defendant-Appellant
IRINA SADOVSKY